IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL TROUP,

        Plaintiff,                      No. CIV S-10-3109 GEB GGH P

        vs.

CHRISTOPHER SMITH, et al.,

        Defendants.               ORDER

_____/

Introduction

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel filed on February 1, 2012. Doc. 39. In the complaint, plaintiff alleges that the defendants, all medical personnel at Mule Creek State Prison or people who provide contract services to MCSP, were deliberately indifferent to his serious medical needs that led to the amputation of his finger.

Motion to Compel Discovery

        A party may bring a motion to compel discovery when another party has failed to respond or respond adequately to a discovery request. Fed. R. Civ. P. 37(a)(3). A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" but "for good cause, the court may order discovery of any matter relevant to the subject

1

matter involved in the action." Fed. R. Civ. P. 26(b).  As the moving party, plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel and for each disputed response, why defendants' objections are not justified or why the response provided is deficient.

Plaintiff's motion is just one paragraph long and he has failed to state if he has requested the disputed discovery and what responses or discovery defendants have provided. Plaintiff seeks production of all surgical scheduling logs for a four month period for several outside hospitals.  In addition to being overbroad, none of these outside hospitals are defendants in this action and it is not clear how medical staff at Mule Creek State Prison could acquire the discovery.  Plaintiff also seeks production of all written material, voice mails, video and any other types of communication between defendant Dr. Lovett and medical staff at Mule Creek State Prison regarding the medical needs and appointments or cancellations for plaintiff.  While some of this could be relevant the request is overbroad and it's possible that plaintiff has already been provided the relevant materials, if he in fact requested it.  Plaintiff's motion is therefore denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (Doc. 39) is denied.

DATED: February 17, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:AB
trou3109.cpl